**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| Federal Trade Commission,<br><br>    Plaintiff,<br><br>  v.<br><br>American Screening, LLC, a Louisiana limited liability company;<br><br>Ron Kilgarlin Jr., individually and as an officer of American Screening, LLC; and<br><br>Shawn Kilgarlin, individually and as an officer of American Screening, LLC<br><br>    Defendants. | Case No. **4:20-cv-1021**<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1. The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b; and the Mail, Internet, or Telephone Order Merchandise Rule ("MITOR"), 16 C.F.R. Part 435, to obtain permanent injunctive relief, restitution, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of MITOR.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

3. Venue is proper in this District under 28 U.S.C. § 1391 (b)(1-2), and 15 U.S.C. § 53(b).

1

**PLAINTIFF**

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces MITOR, 16 C.F.R. Part 435, which requires mail-, Internet-, or phone-based sellers to have a reasonable basis for advertised shipping times, and when sellers cannot meet promised shipping times, or in the absence of any promised shipping time, ship within 30 days, to provide buyers with the option to consent to a delay in shipping or to cancel their orders and receive a prompt refund.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and MITOR, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 57b; 16 C.F.R. Part 435.

**DEFENDANTS**

6. Defendant American Screening, LLC ("American Screening") is a member-managed limited liability company with its distribution center in St. Louis, Missouri. American Screening transacts or has transacted business in this District and throughout the United States. In addition, one or more consumers who were injured by the Defendants' conduct set forth below reside in this District.

7. Defendant Ron Kilgarlin, Jr., is the founder, sole member, manager, and purported CEO of American Screening, which has 30 employees. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the

authority to control, or participated in the acts and practices of American Screening, including the acts and practices set forth in this Complaint.  Mr. Kilgarlin Jr. is married to Defendant Shawn Kilgarlin.  Defendant Kilgarlin Jr., in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

8. Defendant Shawn Kilgarlin is the chief operating officer, quality manager, and quality management representative for American Screening.  At all times material to this Complaint, acting alone or in concert with others, she has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of American Screening, including the acts and practices set forth in this Complaint.  Her responsibilities included overseeing responses to consumer complaints and quality control of American Screening's products.  Defendant S. Kilgarlin, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

## COMMERCE

9. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

### Overview

10. Before the recent pandemic, Defendants mostly sold drug test and professional medical equipment.  After the pandemic spread to the United States, they sought to capitalize on the high demand for personal protective equipment ("PPE") by marketing and selling masks, gloves, hand sanitizer, and other PPE through their website.  Defendants represented—and still

3

represent to this day—that they would ship all products "24-48 hours after processing, pending product availability," and that the advertised PPE was "in stock" and/or "available to ship."

11.     Defendants' promises to ship currently available products 24-48 hours after processing are, in many cases, false.  Consumers, including many small businesses and medical practitioners, have complained they still have not received PPE items they ordered weeks or even months ago.  Although Defendants have repeatedly failed to ship in accordance with the periods promised on the company's website, they have not informed consumers of the delay, and ignored persistent consumer questions and refund demands.

12.     Based on these practices, the Better Business Bureau revoked American Screening's accreditation on June 11, 2020.

## Defendants' Shipping Policy

13.     American Screening markets and sells medical supplies and equipment; medical tests (used by employers to screen employees for drug use); health, sanitation, and beauty products; and PPE to consumers throughout the United States and internationally.  Defendants sell these products in bulk to hospitals, local governments, schools, and nursing homes—as well as to individual consumers.

14.     American Screening exclusively sells these goods through its website, www.american screeningcorp.com.

15.     American Screening ships products ordered online, and makes representations about the speed of its order processing.

16.     Specifically, American Screening tells consumers that its practice (the "Shipping Policy") is to ship paid-for orders 24-48 hours after processing pending product availability.

4

17. Additionally, American Screening represents its PPE products are "in stock" and/or "available to ship."

18. The Shipping Policy also states that orders made before 2:00 Central Standard Time are processed the same day the order is placed, and that in some cases orders called in by as late as 4:00 pm Central Standard Time can be processed that day.

19. Defendants also offer consumers "Overnight/Expedited shipping" to "ensure we meet your deadlines."

20. American Screening displays its Shipping Policy on its own separate page on its website, as follows:

### Shipping Policy

All orders are shipped without a signature required, unless specified through email to customerservice@americanscreeningcorp, to ship with a signature required.

- All orders are shipped in Discreet unmarked packaging.

- For large orders call 1-866-526-2873 for our discounted shipping rates.

- Orders received before 2:00 pm CST will be processed that day and in some cases orders called in by 4:00 pm CST can be processed that day. All shipping occurs 24-48 hours after processing, pending product availability.

- If Overnight/Expedited delivery is a must please email customerservice@americanscreeningcorp.com or call us at 1-866-526-2873 so we can ensure we meet your deadlines.

- Orders over 100.00 may be shipped saturday delivery but you must order over the phone by calling us at 1-866-526-2873.

- WE DO NOT SHIP TO PO BOXES.

- **International Shipping:** We offer UPS or US Postal, on our website, and for Special Discounted Air Freight Pricing, call us at 1-866-526-2873. US Postal is the cheapest option, however if your package is lost we cannot issue any refund. For detailed tracking, choose UPS or call us for Special Air Freight Pricing. PLEASE NOTE WE DO NOT COVER CUSTOM'S FEES.

- Once orders have been placed and are processing they are unable to be changed or edited, however if its the same quantity and product just different panel variation you can email customerservice@americanscreeningcorp.com the change.

5

21. American Screening includes a statement at the top of its home page that "[p]roducts may ship 7-10 business days after [an] order has been placed."




Products may ship 7-10 business days after order has been placed.

22. Despite American Screening's shipping representations, many consumers have, as of the filing of this complaint, still not received the PPE they ordered weeks or even months after placing their orders.

23. American Screening's website continues to make express representations next to individual items of PPE (including gloves, masks and disinfecting products) that the items are "in stock" and "available to ship."  For example, American Screening's website contained the following representation as of June 23, 2020:



24.     Consumers relied and continue to rely on these representations of timely shipment, and in some cases even paid for expedited shipping, only to wait weeks and months without receiving the PPE they ordered.

### **Defendants' Failure to Ship PPE During Pandemic**

25.     American Screening lacked a reasonable basis to believe it would be able to ship PPE within the promised time.  Indeed, in response to numerous consumer complaints, its representatives regularly admitted the items consumers ordered were not in stock despite American Screening's express representations to the contrary.

26.     American Screening received hundreds of complaints regarding the shipping delays.  However, American Screening did not respond to many of these consumers and

7

continued to make the "in stock" and "available to ship" representations regarding PPE described above. When it did respond to consumer complaints, it often failed to offer cancelations and refunds.

27. For instance, one American Screening customer placed an order for PPE on March 18, 2020, but still had not received the items over a month later when he filed a complaint on April 24, 2020.  He stated, "When the Coronavirus became known I was looking for face masks, gowns, gloves and face shields for my wife's medical practice. I found American Screening on line thru a Google search. Their website indicated they had the gowns and the face shields so I placed an order with them for $215. A few days later I checked their website and the site indicated my order was complete. I called and spoke to a customer service person (female) and she told me that the order showed complete because I had placed the order, they had taken my money and input the order into their system. I was also told that all of the items were out of stock (this status was not shown on their website) and were expected in 2 weeks at which time my order would be shipped. Over the last three weeks I have called (the answering system takes the call, transfers it and then the system disconnects my call), I have tried to leave a voice mail but the mailbox is full. I have sent e-mails asking for update and all to no avail. The website currently shows (as of April 24, 2020) that the order is scheduled to ship between April 6 and April 17. It is now April 24 and nothing has shipped nor been received by me."

28. In another complaint filed on May 27, 2020, a consumer stated, "I ordered basic sanitation supplies in bulk, because they were advertised on the website as in stock. I was provided an order confirmation number. Several days later I was informed via email that supplies were backordered. That was March 15. I waited until about the 15th of May and then began trying to contact the company through every possible avenue, to no avail. Finally, after several

days I received a call from a representative of the company who told me the product had shipped, but gave me the name of a shipping company (GLC) which I can't find ANY trace of. She wasn't able to provide me with a tracking number, but said she could email it to me the following day. That email was never received. Further attempts at communication have yielded no results, and no product has ever arrived."

29. Another American Screening customer filed a complaint on May 4, 2020, complaining of a nearly $10,000 order for gowns for essential workers that she placed in late March 2020 that had still not arrived, despite the company's representation that the items were in stock and the company's promise to ship the order within 7-10 days. She stated that "[o]n March 20 and March 21st, my company ordered a combined total of 7,500 isolation gowns for our essential workers who work with our medical patients. They advertised that they were in stock. The combined total was $9759.84. They immediately charged my credit card and I haven't heard from them since. They do not answer the phone. They cannot provide a tracking number. They never have an available person on the 'live chat' and all phone numbers lead to a voice mailbox that is 'full'. We realize PPE is hard to find. That's not what they tell you. It's here and you'll have it in 7-10 days. It's now May 4th, I have nothing. They are scamming people who are desperate to protect front line workers. I want a refund. Who can help me with a refund? No one. They never answer their phone or provide updates."

30. In numerous instances, when American Screening failed to ship one or more pieces of ordered PPE within the promised timeframes, American Screening did not offer consumers the opportunity to consent to a delay in shipping or to cancel their orders and receive refunds.

31. In numerous instances, when American Screening failed to ship one or more pieces of ordered PPE within the promised timeframes, and also failed to offer consumers the required opportunity to either consent to a delay in shipping or to cancel their orders and receive refunds, American Screening did not deem the orders cancelled and issue refunds.

32. In numerous instances, when American Screening failed to ship one or more pieces of ordered PPE within the promised time, consumers demanded cancellation and prompt refunds, despite having not been informed of this option.  Even in these cases, American Screening did not cancel orders or provide prompt refunds to consumers.

## VIOLATIONS OF THE MAIL, INTERNET, OR TELEPHONE ORDER MERCHANDISE RULE

33. MITOR, 16 C.F.R. Part 435, prohibits sellers from soliciting any order for the sale of merchandise ordered through the mail, via Internet or by telephone "unless at the time of the solicitation, the seller has a reasonable basis to expect that it will be able to ship any ordered merchandise to the buyer" either "[w]ithin that time clearly and conspicuously stated in any such solicitation; or [i]f no time is clearly and conspicuously stated, within 30 days after receipt of a properly completed order from the buyer."  16 C.F.R. § 435.2(a)(1).

34. "Receipt of a properly completed order" means "where the buyer tenders full or partial payment . . . the time at which the seller receives both said payment and an order from the buyer containing all of the information needed by the seller to process and ship the order."  16 C.F.R. § 435.1(c).

35. "Shipment" means the act of physically placing the merchandise in the possession of a carrier.  16 C.F.R. § 435.1(e).

36. Where a seller is unable to ship merchandise within the seller's advertised time or within 30 days if no time is given, the seller must offer to the buyer "clearly and conspicuously

and without prior demand, an option either to consent to a delay in shipping or to cancel the buyer's order and receive a prompt refund." 16 C.F.R. § 435.2(b)(1).

37. Any such offer "shall be made within a reasonable time after the seller first becomes aware of its inability to ship." 16 C.F.R. § 435.2(b)(1).

38. The offer must fully inform the buyer of the buyer's right to cancel and provide a definite revised shipping date or inform the buyer that the seller cannot make any representation regarding the length of the delay. 16 C.F.R. § 435.2(b)(1)(i).

39. A seller must "deem an order canceled and . . . make a prompt refund to the buyer whenever the seller receives, prior to the time of shipment, notification from the buyer cancelling the order pursuant to any option [under MITOR] . . . [or] [t]he seller fails to offer the option [to consent to a delay or cancel required by § 435.2(b)(1)] and has not shipped the merchandise" within the time required by MITOR. 16 C.F.R. § 435.2(c), (c)(1), (c)(5).

40. Pursuant to Section 18 of the FTC Act, 15 U.S.C. § 57a(d)(3), and 16 C.F.R. § 435.2, a violation of MITOR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count I – Violations of MITOR

41. In numerous instances, when Defendants:

    a. represent they would ship purchased goods, including items of PPE listed on American Screening's website as "in stock" and/or "available to ship," within 24-48 hours of processing; or that goods may ship within 7-10 business days after an order has been placed, they do not have a reasonable basis to expect to ship the goods within these timeframes;

11

b. fail to ship orders within the timeframe required by MITOR, they also fail to offer customers the opportunity to consent to a delay in shipping or to cancel their order and receive a prompt refund;

c. fail to ship orders within the timeframe required by MITOR and fail to offer consumers the opportunity to consent to a delay in shipping or to cancel their order, they do not cancel those orders or provide consumers a refund;

d. receive cancellation and refund requests from consumers pursuant to any option under MITOR, they do not deem those orders cancelled or provide a prompt refund.

42. Defendants' practices as alleged in Paragraph 41 violate MITOR, 16 C.F.R. § 435.2(a), (b), and (c), and therefore are unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FTC ACT

43. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

44. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## Count II– Section 5 Violations

45. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of goods, including PPE, Defendants have represented and continue to represent, directly or indirectly, expressly or by implication, that:

a. the items are "in-stock" or "available to ship," and they will process the orders the same day or the next day after an order, and ship the orders within 24-48 hours of processing;

  b. items will ship within 7-10 business days after an order is placed;

  c. specific PPE items are "available to ship" or "in stock."

46. In truth and in fact, in numerous instances in which Defendants have made the representations set forth in Paragraph 45:

  a. Defendants failed to process orders the same day or the next day after an order was placed and then to ship those items within 24-48 hours of processing;

  b. Defendants failed to ship items within 7-10 business days after an order was placed;

  c. The specific PPE items Defendants represented were "available to ship" or "in stock" were not.

47. Therefore, Defendants' representations set forth in Paragraph 45 are false, misleading, or unsubstantiated, and constitute a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

48. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and MITOR.  Additionally, Defendants have been unjustly enriched as a result of their unlawful acts or practices.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

49. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.  The Court, in the exercise of its equitable

jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

50. Section 19 of the FTC Act, 15 U.S.C. § 57b, and MITOR authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of MITOR, including the rescission or reformation of contracts and the refund of money.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 57b, MITOR, and the Court's own equitable powers, requests that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

B. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and MITOR, including restitution, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation or the unfair or deceptive act or practice; and

C. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

Dated:  Aug. 04, 2020                    /s/ Dillon J. Lappe
               NICHOLAS CARTIER, 495850(DC)
               DILLON JOSEPH LAPPE, 82876(MI)
               Federal Trade Commission
               600 Pennsylvania Avenue NW, CC-9534
               Washington, DC  20580
               (202) 326-2014; ncartier@ftc.gov (Cartier)
               (202) 326-2833; dlappe@ftc.gov (Lappe)

               Attorneys for Plaintiff
               FEDERAL TRADE COMMISSION