**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1021 RLW |
| | ) | |
| AMERICAN SCREENING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Federal Trade Commission's ("FTC") Motion

to Compel Production of Documents. (ECF No. 22). Defendants oppose the Motion and it is fully

briefed. For the following reasons, the Motion to Compel will be granted.

### Background

FTC filed this action on August 4, 2020, alleging that Defendants violated Section 5 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the FTC's Mail, Internet, or

Telephone Order Merchandise Rule ("MITOR"), 16 C.F.R. Part 435, by failing to meet shipping

times and inventory promises made to consumers during the COVID-19 pandemic. (ECF No. 1).

FTC asserts that Defendants falsely claimed to have personal protective equipment "available,"

"in stock," and "ready to ship" to consumers who ordered online. *Id.* FTC alleges that Defendants

waited months to ship the ordered products or never shipped them at all. *Id.*

### Legal Standard

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery.

*See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move

for an order compelling disclosure or discovery."). Rule 26 governs the scope of discovery in federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." *SI03, Inc. v. Musclegen Rsch., Inc.,* No. 1:16-CV-274 RLW, 2020 WL 6544261, at *1 (E.D. Mo. Nov. 6, 2020) (citation omitted). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.* (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Relevancy in this context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Id.* (citing *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014)) (internal quotations omitted).

Although Rule 26 was amended in 2015 to include a proportionality requirement, the amendment does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 advisory committee's note to 2015 Amendment. "A party claiming undue burden or expense ordinarily has far better information . . . with respect to that part of the determination." *Id.* "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence

regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (citation omitted). "Rule 26 requires a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (citation and internal quotation omitted).

"After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *SIO3, Inc.*, 2020 WL 6544261, at *2 (citations omitted). "Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production." *Bank of America, N.A. v. Roberts,* No. 4:12-cv-609 AGF, 2014 WL 1259779, at *10 (E.D. Mo. Mar. 26, 2014).

## Discussion

FTC states that Defendants have failed to produce internal emails responsive to FTC's First Requests for Production of Documents. FTC states that it offered proposed search terms to facilitate production. FTC further asserts that it narrowed the search terms—along with the number of custodians to be searched—after Defendants informed FTC that the initial search yielded millions of results. According to FTC, Defendants never offered alternative search terms and refused to turn over relevant documents after multiple emails and telephone conferences.

Defendants argue that FTC has not "invested sufficient time and effort" into resolving the discovery dispute. Defendants state that they performed two preliminary searches that yielded over 7,000,000 results from only 58 search terms. According to Defendants, FTC proposed over 300 search terms. Defendants believe that FTC's requests are irrelevant, overbroad, unduly burdensome, vague, and ambiguous.

In its Reply, FTC argues that Defendants' "hit report" is misleading for three reasons: (1) it does not disclose how many documents the search yielded; (2) it does not state whether the results were deduplicated; and (3) it does not state whether the 161,811 previously disclosed electronic documents were counted towards the total number of hits. FTC also asserts that it has tried repeatedly to resolve this discovery issue with Defendants.

At the outset, the Court finds that FTC has complied with Rule 37(a)(1) and Local Rule 3.04. FTC has conferred with Defendants at least twice via telephone to resolve this dispute. FTC has provided the date and time of those discussions, and the names of the individuals participating therein.

As to the merits of FTC's motion, Defendants do not appear to dispute the relevancy of the requested internal emails except to say the information needed is "not likely to be found" in internal emails. Defendants argue instead that FTC's requests are overbroad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case. Defendants fail, however, to elaborate on their objections. Instead, Defendants assert that their initial search yielded over 7,000,000 hits. But, as FTC points out, the number of "hits" is not the same as the number of documents. And Defendants—by their own admission in an email to FTC's counsel—have not deduplicated the results. (ECF No. 22-9, Pl.'s Ex. H). Defendants have not proposed alternative search terms, nor have they provided an updated hit count following FTC's amended search terms.

As the parties claiming that the requests are unduly burdensome, Defendants must provide evidence regarding the time or expense required to comply with the requests. Despite stating that the initial searches returned over 7,000,000 hits, Defendants fail to explain why additional electronic searches require an undue amount of time or expense. Defendants' bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are

insufficient to bar production. *Bank of America, N.A.,* 2014 WL 1259779, at \*10. Without more, this Court has no basis for relieving Defendants from their duty to search for responsive documents. *See Axcan Scandipharm Inc. v. Ethex Corp.,* No. CV 07-2556 (RHK/JSM), 2008 WL 11349882, at \*5 (D. Minn. Dec. 31, 2008). Beyond that, review of Defendants' responses shows that Defendants violated Rule 34 by not disclosing whether responsive materials were withheld based on their objections. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

### Conclusion

For these reasons, the Court will grant FTC's motion to compel. Defendants shall produce all remaining documents responsive to FTC's First Requests for Production of Documents, including outstanding internal emails, by August 6, 2021. To the extent possible, the parties are strongly encouraged to work together to establish search terms that further narrow the results.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production of Documents (ECF No. 22) is **GRANTED** as set forth above.

**IT IS FURTHER ORDERED** that Defendants shall produce all remaining documents responsive to FTC's First Requests for Production of Documents by **August 6, 2021**.

An appropriate order amending the Case Management Order (ECF No. 14) will follow.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of July, 2021.