UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1021 RLW |
| | ) | |
| AMERICAN SCREENING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Protective Order. (ECF No. 31). Defendants seek a protective order limiting the Federal Trade Commission's ("FTC") Rule 30(b)(6) deposition topics under Rule 26(c)(1)(D). FTC opposes the Motion and it is fully briefed. After careful consideration of the motion papers, the Court will deny Defendants' Motion for Protective Order.

### Background

FTC filed this action on August 4, 2020, alleging that Defendants violated Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the FTC's Mail, Internet, or Telephone Order Merchandise Rule ("MITOR"), 16 C.F.R. Part 435, by failing to meet shipping times and inventory promises made to consumers during the COVID-19 pandemic. (ECF No. 1). FTC asserts that Defendants falsely claimed to have personal protective equipment "available," "in stock," and "ready to ship" to consumers who ordered online. *Id.* FTC alleges that Defendants waited months to ship the ordered products or never shipped them at all. *Id.* In its Prayer for Relief, FTC requests, among other things, that the Court:

> Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and MITOR, including restitution, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation or the unfair or deceptive act or practice[.]

*Id*.

## Legal Standard

A. <u>Scope of Discovery</u>

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal matters:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." *SI03, Inc. v. Musclegen Rsch., Inc.*, No. 1:16-CV-274 RLW, 2020 WL 6544261, at *1 (E.D. Mo. Nov. 6, 2020) (citation omitted). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id*. (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Relevancy in this context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Id*. (citing *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014)) (internal quotations omitted).

Although Rule 26 was amended in 2015 to include a proportionality requirement, the amendment does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 advisory committee's note to 2015 Amendment. "A party claiming undue burden or expense ordinarily has far better information . . . with respect to that part of the determination." *Id.* "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (citation omitted). "Rule 26 requires a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (citation and internal quotation omitted).

B.  Protective Order Standard

A party may move for a protective order pertaining to discovery requests to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Because of liberal discovery and the potential for abuse, the federal rules confer broad discretion on the district court to decide when a protective order is appropriate and what degree of protection is required." *Whitt v. City of St. Louis*, No. 4:18-CV-1294 RLW, 2020 WL 7122615, at *3 (E.D. Mo. Dec. 4, 2020) (citing *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)) (internal quotations omitted). "The party moving for the protective order has the burden to demonstrate good cause for issuance of the order." *Id.* (citation omitted). "To show good cause, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Whitt*, 2020 WL 7122615, at *3 (quoted case and internal quotation omitted). "Stereotypical and conclusory statements are insufficient to establish good cause under Rule 26(c)." *Id.* (citing *Misc. Docket Matter No. 1*, 197 F.3d at 926).

3

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.* (citing *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003)).

### C. Rule 30(b)(6) Deposition Standard

"Proper preparedness for a Rule 30(b)(6) deposition requires the good faith of both parties." *Whitt,* 2020 WL 72122615, at *3 (citation and internal quotation omitted).

> "[T]he requesting party must reasonably particularize the subjects about which it wishes to inquire." *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 540 (D. Minn. 2003); see also Fed. R. Civ. P. 30(b)(6) (the notice must describe the matters for examination with "reasonable particularity"). A deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority. *See generally Murphy v. Kmart Corp.*, 255 F.R.D. 497, 506 (D.S.D. 2009). In return, "the responding party must make a conscientious, good-faith effort to designate knowledgeable persons . . . and to prepare them to fully and unevasively answer questions about the designated subject matter." *Dwelly*, 214 F.R.D. at 540 (citations and internal quotation marks omitted).

*Id.* (citing *CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 322 F.R.D. 350, 360-61 (N.D. Iowa 2017)).

"The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents." *Id.* (citation omitted). The corporation is obligated to prepare the corporate designees so they may give knowledgeable and binding answers for the corporation. *Id.* (citation omitted). This obligation requires the designees to testify about information known or reasonably available to the corporation. *Id.* (citation omitted). Such testimony can include information held by third-party sources if the information is reasonably available to the organization. *Id.* (citation omitted).

A party must file a motion for protective order if it objects to an area of inquiry. 7 James Wm. Moore et al., *Moore's Federal Practice* § 30.25[2] (3d ed. 2021). "It is improper to simply lodge objections and to instruct the designated witness not to answer questions that the corporation

deems objectionable." *Id.* (citing *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014)).

**Discussion**

Defendants seek a protective order limiting the scope of FTC's Rule 30(b)(6) deposition with respect to two topics.

A. Topic 1

Topic 1 of FTC's Notice of Deposition states:

> Communications with any other person or entity related to the sale, fulfillment, marketing, advertising, and shipment of Covered Products including, but not limited to, communications related to delays in the shipment or delivery of merchandise, undelivered merchandise, out-of-stock merchandise, incomplete orders, missing products, incorrect products, defective products, inferior products, refunds, chargebacks, COVID-19, and the issuance of gift cards or Company credit in lieu of refunds, including internal Communications, Communications with customers and potential customers, and Communications with third parties.

Defendants assert that Topic 1 does not describe with reasonable particularity the matters for examination. Defendants argue that Topic 1 is vague, ambiguous, overly broad, and unduly burdensome. FTC responds that Defendants have failed to establish good cause for a protective order. FTC also states it has already deposed Defendants' designee and, although Defendants' counsel noted their overbreadth objection at the start of the deposition, the witness answered all questions relating to Topic 1 without further objection. Finally, FTC argues that Topic 1 is reasonably particular.

The Court finds that FTC's Topic 1 is reasonably particular such that Defendants could prepare their designee to fully answer questions about the designated subject matter. Contrary to Defendants' conclusory assertions, Topic 1 is not vague, ambiguous, overly broad, or unduly burdensome. It seeks relevant communications that bear on an issue essential to this case: whether

Defendants falsely claimed to have personal protective equipment "available," "in stock," and "ready to ship" to consumers who ordered online. Defendants' claim that they cannot adequately prepare a witness on the topic is belied by the fact that the Rule 30(b)(6) designee already answered questions relating to Topic 1. Defendants rely on conclusory statements and fail to provide evidence regarding the time or expense required to adequately prepare the designee for Topic 1. In short, Defendants have not shown good cause for entry of a protective order as to this topic. Defendants' motion for protective order as to Topic 1 is denied.

B. Topic 11

Topic 11 of FTC's Notice of Deposition states: "American Screening's accounting, including gross revenues and profits resulting from the sale or distribution of Covered Products and costs and expenses associated with the sale or distribution of Covered Products."

Defendants argue that Topic 11 is not relevant to any claim or defense. Defendants further assert such information is not proportional to the needs of the case because they have already produced all information required for this Court to determine a proper award in this matter. FTC argues that Topic 11 is key to the determination of appropriate redress. FTC also asserts that Defendants cannot rely on previously produced documents to state the company's position.

As stated above, the scope of discovery under Rule 26(b) is extremely broad as to relevant evidence. *SI03, Inc.,* 2020 WL 6544261, at *1. Topic 11 is relevant to the determination of appropriate relief in this matter. As Defendants acknowledge, 15 U.S.C. § 57b permits this Court to "grant such relief as the court finds necessary to redress injury to consumers or other persons, partnership, and corporations resulting from the rule violation[.]" The statute provides that "[s]uch relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages[.]" 15 U.S.C. § 57b. Information about

Defendants' finances is essential to the determination of appropriate relief in this matter. Further, to establish good cause, Defendants must show that specific prejudice or harm will result if no protective order is granted. *Whitt*, 2020 WL 7122615, at *3. They have not done so.

Defendants' motion for protective order as to Topic 11 is denied.

**Conclusion**

Defendants have failed to show good cause for entry of a protective order as to Topics 1 and 11 and their Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** the Defendants' Motion for Protective Order (ECF No. 31) is **DENIED**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of July, 2021.