UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1021 RLW |
| ) | |
| AMERICAN SCREENING, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Stipulation Regarding Defendant's Demand for a Jury Trial (ECF No. 56), the Federal Trade Commission's ("FTC") Motion for a Remote Bench Trial (ECF No. 57), and the FTC's Motion for Leave to Exceed Page Limitation (ECF No. 54).

The trial in this matter is set for April 18, 2022 at 9:00 a.m. Plaintiff FTC filed a Motion for Summary Judgment on October 1, 2021. (ECF No. 39). The Defendants oppose FTC's Motion and it is fully briefed. The Court has not yet ruled on FTC's Motion.

**I. The Parties' Joint Stipulation (ECF No. 56)**

In anticipation of their upcoming trial, the parties filed a Joint Stipulation on March 17, 2022, stating that FTC will waive its right to legal damages or other non-equitable relief and Defendants will waive their right to a jury trial. (ECF No. 56). It is well settled that a demand for a jury trial may be waived by written or oral stipulation. *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000). The Court will conduct a bench trial in this matter.

### II. FTC's Motion for a Remote Bench Trial (ECF No. 57)

Six days after the parties filed their Joint Stipulation, FTC filed its Motion for a Remote Bench Trial. (ECF No. 57). FTC's Motion explains that counsel for FTC have "certain personal and family health circumstances that make travel and indoor gatherings higher risk activities during the COVID-19 pandemic." *Id.* at 2. The Motion also states that "lead counsel for the FTC has a health condition that places her at a higher risk for complications from the COVID-19 virus. Her doctor has advised her to avoid lengthy in-person gatherings to any extent possible." *Id.*

The Court recognizes the difficulties presented by the COVID-19 pandemic and does not take FTC's concerns lightly. But this case has been pending nearly 20 months and has been set for trial for over 16 months. The parties have had ample time to prepare for the possibility of an in-person trial. Further, FTC alleges over $14 million in damages based on a complex analysis of Defendants' financial records. (ECF Nos. 38, 55). FTC's Statement of Material Facts alone contains nearly 600 paragraphs citing 151 different exhibits. (ECF No. 50). A remote trial in this case would be impractical. The Court will deny FTC's Motion for a Remote Bench Trial. (ECF No. 57).

### III. FTC's Motion to Exceed Page Limit (ECF No. 54)

The Court will grant FTC's Motion to Exceed Page Limit (ECF No. 54).

## CONCLUSION

The Court will deny FTC's Motion for a Remote Bench Trial. (ECF No. 57). The trial will move forward in person as scheduled on April 18, 2022 at 9:00 a.m. The Court will grant FTC's Motion to Exceed Page Limit. (ECF No. 54).

Accordingly,

**IT IS HEREBY ORDERED** that the Federal Trade Commission's Motion for a Remote Bench Trial (ECF No. 57) is **DENIED**. The trial will move forward in person as scheduled.

**IT IS FURTHER ORDERED** that the Federal Trade Commission's Motion to Exceed Page Limit (ECF No. 54) is **GRANTED**.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of March, 2022.